Samuel F. GRECCO, Plaintiff,

v.

SPANG & COMPANY, Defendant.

Civ. A. No. 79–775.

United States District Court,
W. D. Pennsylvania.

Dec. 9, 1981.

James R. Duffy, Pittsburgh, Pa., for plaintiff.

Patrick W. Ritchey, Pittsburgh, Pa., for defendant.

## OPINION

DIAMOND, District Judge.

Plaintiff, a former employee of the defendant, Spang & Company, brought this suit under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 et seq. (1975). Presently before the court is the defendant's motion for summary judgment, which, for the reasons set forth below, will be denied.

## I. BACKGROUND

Plaintiff was the defendant's controller and chief financial officer from early 1959 until October 18, 1978. On that date Frank E. Rath, Sr., Chairman of the Board and chief executive officer of the defendant company, met privately with the plaintiff and informed him that because of differences in their respective business philosophies Rath had lost confidence in the plaintiff's ability to function successfully as the defendant's chief financial officer and was therefore terminating his employment. The plaintiff was then fifty-three years of age, but both parties to this suit agree that at no time during the termination interview did Rath mention anything about the plaintiff's age.

The defendant maintains first that it is entitled to summary judgment because the plaintiff has failed to demonstrate, by affidavit or otherwise in the post-discovery posture of this case that he can produce sufficient evidence to establish a prima facie case of age discrimination. The defendant argues further that even if we find that the plaintiff has established a prima facie case of age discrimination, the defendant is nevertheless entitled to summary judgment since the defendant has come forward by deposition, affidavit, and answers to inter-

rogatories to prove that it had a bona fide business reason to terminate plaintiff's employment and plaintiff has not *responded with additional* evidence creating a genuine issue of fact that the defendant's stated reason for the plaintiff's discharge is a pretext. Thus, in order to dispose of the defendant's motion for summary judgment we must determine what the elements of a prima facie case and the proper allocation of the burden of proof are in cases brought under the ADEA.

## II. APPLICABLE LAW

█ In addition to a direct-evidence case, plaintiff may prove an employment discrimination case brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1974), by means of either of two circumstantial evidence theories. Under the so-called disparate treatment theory, the plaintiff raises a rebuttable presumption of unlawful discrimination by proving that his employer has dealt discriminatorily with otherwise similarly situated employees based on the consideration of impermissive factors, such as, for example, race or sex, *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *see generally* B. Schlei, P. Grossman, Employment Discrimination Law 15–25 (1976). The plaintiff also may prove a case based on the so-called disparate impact theory by creating a rebuttable presumption of unlawful discrimination through proof that the employer has an employment practice which, while facially non-discriminatory, in fact has an adverse impact on persons in one of the protected categories, such as race or sex. *See Griggs v. Duke Power Co.*, 401 U.S. 424, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). These theories also are applicable in age discrimination cases. *Stanojev v. Ebasco Services Incorporated*, 643 F.2d 914 (2nd Cir. 1981); *Geller v. Markam*, 635 F.2d 1027 (2nd Cir. 1980), *cert. denied*, 451 U.S. 945, 101 S.Ct. 2028, 68 L.Ed.2d 332 (1981); *Smithers v. Bailar*, 629 F.2d 892 (3rd Cir. 1980).

In the case *sub judice*, plaintiff alleges that he was the victim of disparate treatment in that the defendant deliberately discharged him for reasons associated with age. It is necessary, therefore, to determine whether the plaintiff has established at least genuine issues for trial as to the elements of a prima facie case of disparate treatment.

### A. Prima Facie Case of Disparate Treatment

The Supreme Court has stated that in order to establish a prima facie case of disparate treatment under Title VII the plaintiff must show:

(i) that he belongs to a racial minority (ii) that he applied and was qualified for a job for which the employer was seeking applicants (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

█ In the proof cycle of an employment discrimination case, making this type of prima facie showing is the first step in the proof of the ultimate issue of intentional discrimination. *Whack v. Peabody & Wind Engineering Co.*, 595 F.2d 190, 193 (3rd Cir. 1979). Once the plaintiff has established a prima facie case; i.e., produced evidence sufficient to raise the rebuttable presumption of unlawful discrimination of which we spoke earlier, the burden shifts to the defendant to come forward with some evidence of a non-discriminatory reason for the disparate treatment of the employee. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). The facts, which give rise to the presumption sufficient to establish a prima facie case in the Title VII discrimination-in-employment cases under *McDonnell Douglas*, are those which experience has taught "if otherwise unexplained, are more likely than not based on the consideration of impermissible factors." *Furnco Construction Corp. v. Waters*, 438 U.S. 567, 577, 98 S.Ct. 2943, 2949, 57 L.Ed.2d 957 (1978).

■ In light of the Supreme Court's decision in *Furnco, supra,* the Third Circuit has cautioned "that the *McDonnell Douglas* methodology should never be applied in a 'rigid, mechanized, or ritualistic' manner." *Smithers, supra,* at 895. Thus, to establish a prima facie case of age discrimination, the plaintiff bears only the initial burden of presenting some evidence to the court which would lead a reasonable person to believe that age was a determinative factor in the defendant's decision to terminate plaintiff's employment.

In *Loeb v. Textron, Inc.,* 600 F.2d 1003 (1st Cir. 1979), the court adapted *McDonnell Douglas* to an age discrimination case as follows:

> To apply the [*McDonnell Douglas*] concept in the present case, which involves firing, not hiring, the critical elements (beyond being within the protected class ... and fired) must be modified to produce an analogous inference. Complainant would be required to show that he was "qualified" in the sense that he was doing his job well enough to rule out the possibility that he was fired for inadequate job performance, absolute or relative. *See [International Brotherhood of Teamsters v. United States] Teamsters,* 431 U.S. [324], 358 n.44, 97 S.Ct. 1843 [1866] [52 L.Ed.2d 396 (1977)]. He would also have to show that his employer sought a replacement with qualifications similar to his own, thus demonstrating a continued need for the same services and skills. Without proof along these lines, the conceptual underpinnings of *McDonnell Douglas* would not remain recognizable. Proof beyond this, however, is not mandated by *McDonnell Douglas,* and does not fit its conceptual underpinnings as described in *Furnco* and *Teamsters.* A correct statement of the elements of a *McDonnell Douglas* prima facie case, adapted to present circumstances, therefore would have been that [complainant] had to prove that he was in the protected age group, that he was performing his job at a level that met his employer's legitimate expectations, that he nevertheless was fired, and that [his employer]

sought someone to perform the same work after he left. *Loeb, supra,* at 1013–14.

■ Plaintiff contends that he has developed by deposition and answers to interrogatories a prima facie case sufficient to withstand defendant's motion for summary judgment. Plaintiff points out first that he was fifty-three years old when he was terminated and thus within the protected class, second that he was qualified to perform the duties of the job, and third that he was terminated. He admits that he was replaced by an individual older than forty years of age and thus also within the protected class, but contends nevertheless that the circumstances surrounding his discharge and other facts relative to the defendant's treatment of older employees are indicative of intentional age discrimination.

The plaintiff places great emphasis on the fact that his discharge came without warning and that the termination followed a confrontation between the plaintiff and Frank Rath, Sr. over policies and practices pursued by his son, Rath, Jr. The plaintiff contends that other older employees who had disagreements with Rath, Jr. were discharged just as the plaintiff was discharged when he severely criticized Rath, Jr.'s stewardship over the retail division of Spang. Moreover, the plaintiff asserts in his depositions that for several years prior to his discharge the defendant, primarily under the auspices of Rath, Jr., had conducted a subtle youth movement to weed out older employees through harassment. And in sworn answers to interrogatories, the plaintiff ties Rath, Jr.'s policies of age discrimination to his father Rath, Sr., stating in answer to one interrogatory that "Frank Rath, Sr. knew, assisted and approved of the actions of Frank Rath, Jr. and of Robert Rath in removing older, long term employees and replacing them with younger employees." We believe that under the *Loeb* standards, these allegations if substantiated by proof at trial establish a prima facie case of age discrimination which under *Furnco, supra,* and *Burdine, supra,* requires the defendant to come forward

with evidence of a legitimate non-discriminatory reason for the disparate treatment.

### B. The Shifting Burden of Production

In ¶ 3 of his affidavit in support of the defendant's motion for summary judgment Mr. Rath states that:

In October 1978, I made a decision to discharge Mr. Grecco, for the reasons set forth in defendant's pre-trial narrative statement and answers to interrogatories and in my deposition taken January 16, 1980. I and I alone made this decision, in accordance with the authority vested in me by the by-laws of the Company. Mr. Grecco's age had absolutely nothing to do with my decision. Indeed, I was not even aware of his age at the time. I discharged Mr. Grecco in a personal, private interview on October 18, 1978.

As set forth in the defendant's pretrial narrative statement, its answers to interrogatories, and Rath's deposition, Rath's dissatisfaction with plaintiff developed slowly over the years and stemmed from plaintiff's dictatorial attitude toward his subordinates and other Spang employees, the plaintiff's alleged inability to put the company's best long-term interests ahead of his own, and his repeated attempts to overreach his authority. Rath states that the final factor leading to plaintiff's discharge occurred when the plaintiff failed to report to Rath an internal memo which was highly critical of the accounting procedures of one of the divisions of Spang.

█ The defendant then argues that even if the plaintiff has demonstrated his ability to make out a prima facie case, the foregoing evidence of a bona fide business justification for the plaintiff's discharge required the plaintiff to *respond with additional evidence* that the defendant's business justification was a pretext and since plaintiff failed to do this defendant is entitled to summary judgment. However, as the Court held in *Burdine, supra*, a satisfactory explanation by defendant does not require the plaintiff to come forward with additional evidence attacking the explanation, it merely "destroys the legally manda-

tory inference of discrimination arising from the plaintiff's initial evidence ...." and joins the issues for resolution on all of the evidence by the trier of the fact.

In saying that the presumption drops from the case, we do not imply that the trier of fact no longer may consider evidence previously introduced by the plaintiff to establish a prima facie case. A satisfactory explanation by the defendant destroys the legally mandatory inference of discrimination arising from the plaintiff's initial evidence. Nonetheless, this evidence and inferences properly drawn therefrom may be considered by the trier of fact on the issue of whether the defendant's explanation is pretextual. Indeed, there may be some cases where the plaintiff's initial evidence, combined with effective cross-examination of the defendant, will suffice to discredit the defendant's explanation. *Burdine, supra* at fn. 10.

ACCORDINGLY, the defendant's motion for summary judgment will be denied.