Samuel G. GRECCO, Plaintiff,

v.

SPANG & COMPANY, Defendant.

Civ. A. No. 79–775.

United States District Court, W. D. Pennsylvania.

Jan. 27, 1982.

James R. Duffy, Pittsburgh, Pa., for plaintiff.

Patrick W. Ritchey, Gilbert J. Helwig, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

DIAMOND, District Judge.

AND NOW, this *27th* day of January, 1982, after consideration of the defendant's motion to reconsider our order of December 9, 1981, IT IS ORDERED that this court's opinion filed in the above-captioned case, 527 F.Supp. 978, on December 9, 1981, be, and the same hereby is, amended to include the following addendum.

The defendant in its motion to reconsider maintains that the court misstated the bases on which the plaintiff intends to establish his prima facie of age discrimination. Under *Loeb v. Textron*, 600 F.2d 1003 (1st Cir. 1979), which we previously concluded adapts to an age discrimination case the requirements of a prima facie case under Title VII of the Civil Rights Act of 1964 which were set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973), the plaintiff here must show no more than (1) that he was within the protected age class, (2) that he was qualified for the position from which he was terminated and was performing his job at a satisfactory level, (3) that he was discharged, and (4) that his employer has retained someone to continue the plaintiff's work. *Loeb, supra* at 1014; *Cf. Furnco Construction Corp. v. Waters*, 438 U.S. 567, 98 S.Ct. 2943, 57 L.Ed.2d 957 (1978).

In our judgment, the record contains evidence which if believed by the fact finder is sufficient to establish a prima facie case. A review of the record reveals: (1) that the parties have stipulated that the plaintiff was fifty-three years of age, and thus within the protected class, on October 18, 1978, the date on which the defendant fired the plaintiff, (2) that Rath, Sr., in his affidavit, admits that he replaced the plain-

tiff with a member of plaintiff's staff, and (3) that plaintiff in his deposition of July 25, 1979, testified that he had a college degree in business administration with a major in accounting, Depo. 7/25 at 4, that he had been a certified public accountant since 1951, *id.* at 5, that he had been employed as the defendant's controller from 1959 until his discharge, *id.* at 8, and that prior to his discharge he received nothing but commendations from Rath, Sr. for his work. *id.* at 31. From this evidence, it may be inferred that the plaintiff was qualified and performing his job satisfactorily. Thus, the record demonstrates that the plaintiff has made out a prima facie case of age discrimination. The fact that the court in this opinion has referred to other direct and indirect evidence available to the plaintiff as proof that the plaintiff's discharge was impermissibly motivated does not in anyway detract from the fact that the plaintiff has met his basic burden of producing evidence of a prima facie case.

We believe that the fallacy of the defendant's position lies in its contention that once it has produced evidence, whether it be evidence to rebut the elements of the prima facie case or to proffer a business justification defense, the law requires that the plaintiff move forward and present additional evidence to counter the defendant's case. If the defendant tenders evidence that challenges the existence of one of the elements of a prima facie case, the defendant only has created a genuine issue of material fact which must be resolved by the fact finder. Cf. *Rhodes v. Robinson*, 612 F.2d 766 (3rd Cir. 1979); *Perks v. Firestone Tire and Rubber Co.*, 611 F.2d 1363 (3rd Cir. 1979); *See generally*, 6 Moore's Federal Practice ¶ 56.15 [1.–0] (2nd ed. 1981). And in the event that the defendant presents evidence of a legitimate business justification, the plaintiff must be given an opportunity to cross-examine the defendant on this point before the fact finder. *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 255 fn. 10, 101 S.Ct. 1089, 1095 fn. 10, 67 L.Ed.2d 207, 216 fn. 10 (1981). In either case, the legitimacy of the defendant's discharge of the plaintiff may

not be decided on a motion for summary judgment where the plaintiff has made out his prima facie case, and the issues must be submitted to the trier of fact.

ACCORDINGLY, the defendant's motion for reconsideration will be denied.